Filed 7/10/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>SANTANA DOMINIQUE YANEZ,<br><br>　　Defendant and Appellant. | F090098<br><br>(Super. Ct. No. 23CM3455)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kings County. Kathy Ciuffini, Judge.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Santana Dominique Yanez (defendant) contends his convictions for driving under the influence causing injury should be reversed because that crime is a lesser included offense of gross vehicular manslaughter while intoxicated. We conclude otherwise and affirm the judgment.

## STATEMENT OF THE CASE

In a first amended complaint filed on April 18, 2025, the Kings County District Attorney charged defendant with two counts of gross vehicular manslaughter while intoxicated (counts 1 & 2, Pen. Code, § 191.5, subd. (a)), driving under the influence of an alcoholic beverage causing injury (count 3, Veh. Code,[1] § 23153, subd. (a)), driving with a 0.08 blood alcohol content causing injury (count 4, § 23153, subd. (b)), driving under the influence of alcohol in combination with any drug causing injury (count 5, § 23153, subd. (g)), driving without a license (count 6, § 12500, subd. (a)), driving without evidence of financial responsibility (count 7, § 16028, subd. (a)), speeding (count 8, § 22350), speeding over 100 miles per hour (count 9, § 22348, subd. (b)), and failing to yield the right of way (count 10, § 21800, subd. (a)). The information also alleged great bodily injury enhancements (Pen. Code, § 12022.7, subd. (a)) as to each victim on counts 3 through 5, and alleged as to counts 1 through 5 that defendant had caused bodily injury or death to more than one victim (Veh. Code, § 23558).

Defendant pleaded no contest to the charges and enhancements.[2] The trial court sentenced him to the middle term of six years in prison on count 1, plus one year for the multiple victim enhancement (§ 23558), plus a consecutive term of two years for count 2, for a total term of nine years. The court also imposed and stayed (Pen. Code, § 654) terms of one year for each of the remaining multiple victim enhancements, three years for each of the great bodily injury enhancements (Pen. Code, § 12022.7, subd. (a)), two years

---

[1] Subsequent statutory references are to the Vehicle Code unless otherwise stated.

[2] Defendant also pleaded no contest to charges in several other cases.

on count 4, and two years on count 5.[3]  Pursuant to an agreement of the parties, counts 6

through 8 were dismissed.

## FACTS

The prosecutor stated the factual basis for the plea on the record, and defense

counsel agreed to it.  The factual basis provided that the two victims were leaving the

Tachi Palace parking lot when defendant collided with them while driving at 100 miles

per hour or more, killing both victims.  Experts determined defendant caused the

collision.  Defendant's blood alcohol content (BAC) was 0.17, and he also tested positive

for cannabis at a level of "Delta 9 THC of nanogram per milliliter [*sic*]."

## DISCUSSION

I.      Driving Under the Influence (DUI) Causing Injury is not a Lesser Included
       Offense of Gross Vehicular Manslaughter While Intoxicated

Defendant observes that he cannot be simultaneously convicted of a greater and

lesser included offense, and asserts that DUI causing injury is a lesser included offense of

gross vehicular manslaughter while intoxicated.  Therefore, he argues the convictions for

DUI causing injury must be reversed.  The Attorney General contends that DUI causing

injury is *not* a necessarily included offense.  As explained below, we conclude DUI

causing injury is not a necessarily included offense of gross vehicular manslaughter while

intoxicated.

*Law*

"[M]ultiple convictions may not be based on necessarily included offenses."

(*People v. Murphy* (2007) 154 Cal.App.4th 979, 983.)  The applicable test is relatively

straightforward:  "[I]f a crime cannot be committed without also committing a lesser

offense, the latter is a necessarily included offense."  (*People v. Ramirez* (2009) 45

Cal.4th 980, 985.)

---

[3] The precise sentence on count 3 is unclear, but in any event it was stayed under Penal
Code section 654.

"Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of [s]ection 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence." (Pen. Code, § 191.5, subd. (a).)

*Section 23140*

Section 23140 provides:

> "(a) It is unlawful for a person under the age of 21 years who has 0.05 percent or more, by weight, of alcohol in his or her blood to drive a vehicle.

> "(b) A person may be found to be in violation of subdivision (a) if the person was, at the time of driving, under the age of 21 years and under the influence of, or affected by, an alcoholic beverage regardless of whether a chemical test was made to determine that person's blood-alcohol concentration and if the trier of fact finds that the person had consumed an alcoholic beverage and was driving a vehicle while having a concentration of 0.05 percent or more, by weight, of alcohol in his or her blood." (§ 23140, subds. (a), (b).)

*Section 23153*

Driving under the influence causing injury occurs when a person (1) drives a vehicle, (2) while either under the influence of any alcoholic beverage (§ 23153, subd. (a)), drug (§ 23153, subd. (f)) or combination of alcohol and drug (§ 23153, subd. (g)) or while having 0.08 percent or more of alcohol in their blood (§ 23153, subd. (b)), (3) concurrently does any act forbidden by law or neglects any duty imposed by law in driving the vehicle, (4) which act or neglect proximately causes bodily injury to someone other than the driver. (§ 23153.)

*Culpable Driving Standards*

Across the various provisions discussed above, there are three primary ways to establish culpable driving: (1) being "under the influence of" alcohol, (2) being "affected

4

by" alcohol, and/or (3) having a particular blood alcohol content. (§§ 23140, 23152, 23153.)

Jury instructions have defined "under the influence of" an alcoholic beverage as follows:

> " 'A person is [under the influence of an alcoholic beverage] … when as a result of [drinking such alcoholic beverage] … [his] [her] physical or mental abilities are impaired to such a degree that [he][she] no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances.' " (*McDonald v. Department of Motor Vehicles* (2000) 77 Cal.App.4th 677, 686; *People v. Schoonover* (1970) 5 Cal.App.3d 101, 105, 107 [upholding predecessor instruction].)

In contrast, we are aware of no jury instruction for being merely "affected by" alcohol. (See *People v. Goslar* (1999) 70 Cal.App.4th 270, 279.) We will not endeavor to craft one here. It is sufficient to observe that, whatever its precise contours, "affected by" encompasses at least some states of lesser impairment below being "under the influence." As a matter of plain language, "affected by" encompasses people on whom alcohol is exerting any effect, including those effects that fall short of depriving the person of the ability to drive a vehicle "with the caution characteristic of a sober person." (CALJIC No. 16.831.) This broader scope of culpable driving for individuals under 21 makes sense considering that such individuals should not be drinking at all, much less while driving.

*Analysis*

Recall that "if a crime cannot be committed without also committing a lesser offense, the latter is a necessarily included offense." (*People v. Ramirez, supra*, 45 Cal.4th at p. 985.) As Penal Code section 191.5, subdivision (a) makes clear, committing one of the actus rei described in Vehicle Code section 23153 (i.e., DUI causing injury), is only one of *three* broad ways to violate the statute. A defendant can also commit gross

5

vehicular manslaughter by instead violating Vehicle Code section 23140 or 23152. (Pen. Code, § 191.5, subd. (a).)

Consider section 23140, for example. That statute can be violated when a person under 21 drives with a 0.05 BAC and while "under the influence of" *or* "affected by" alcohol. In contrast, DUI causing injury requires either that the driver be "under the influence of" alcohol, drugs, or both, *or* have a BAC of 0.08. (§ 23153, subds. (a), (b).) While there is significant overlap in scope between these two crimes, the former is not fully subsumed within the latter. For example, a 16-year-old driver with a BAC of 0.06, who is merely "affected by"—and not "under the influence of"—alcohol, could violate section 23140 (and by, extension, Penal Code section 191.5, subdivision (a)), without violating section 23153. Because gross vehicular manslaughter while intoxicated can be committed in this manner without also committing DUI with injury, the latter is not a necessarily included offense.[4]

Defendant challenges the reliance on a hypothetical concerning section 23140 because he was charged and convicted on a different theory of committing gross vehicular manslaughter—i.e., by violating section 23153. However, the "test for lesser included offenses … focuses on the elements of offenses in the abstract and not their factual predicate in a specific case." (*In re L.J.* (2021) 72 Cal.App.5th 37, 49.) There are multiple ways to satisfy the actus reus element of gross vehicular manslaughter while intoxicated. Defendant's violation of section 23153 is one way, but violating section 23140 is another way. Because we compare the elements in the abstract, and not with reference to their "factual predicate" in defendant's specific case, we reject defendant's contention.

---

[4] Given this conclusion, we need not address the remaining contentions of the parties.

*Other Cases*

Based on our reasoning, *People v. Miranda* (1994) 21 Cal.App.4th 1464 is distinguishable.  At the time of Miranda's offense, Penal Code section 191.5, subdivision (a) only applied to driving " 'in violation of [s]ection 23152 or 23153 of the Vehicle Code' " and did not include section 23140.  (*Miranda*, at p. 1468.)

Another case relied on by defendant, *People v. Binkerd* (2007) 155 Cal.App.4th 1143, did hold that DUI causing injury was a lesser included offense of vehicular manslaughter under Penal Code section 192, subdivision (c).  We respectfully disagree.  *Binkerd* reasoned that the vehicular manslaughter statute was written in the disjunctive such that a violation of Vehicle Code section 23140, 23152, *or* 23153, would suffice.  (*Binkerd*, at p. 1149.)  But this fact militates against the holding of *Binkerd*.  The broader the conduct that qualifies as vehicular manslaughter, the *more* likely there are some ways for that crime to be committed without necessarily committing another offense.  In any event, neither the disjunctive language in the vehicular manslaughter statute nor anything else in *Binkerd* undermines the reasoning we have relied on here.[5]

*Binkerd* also noted that in the driver's license revocation context, the Legislature has provided that a conviction under Penal Code section 191.5, subdivision (b) constitutes a conviction under Vehicle Code section 23153.  (Veh. Code, § 13350.5.)  However, the equivalency established by the statute applies " 'for purposes of [that] article' "—meaning article 3 of chapter 2 of division 6 of the Vehicle Code, which deals with license revocation.  (*People v. Binkerd*, *supra*, 155 Cal.App.4th at 1149.)

---

[5] The same can be said of *People v. Meno* (2024) 102 Cal.App.5th 943 (review granted Sept. 11, 2024, S286092) and *People v. Machuca* (2020) 49 Cal.App.5th 393, which largely dealt with how the presence of multiple victims affected the analysis.  We do not rely on that line of reasoning.

While *Meno* did briefly agree with *Binkerd* even as to a single victim (*People v. Meno*, *supra*, 102 Cal.App.5th at p. 953), it offered little substantive analysis on the point.

7

For these reasons, we conclude that DUI causing injury is not a lesser included offense of gross vehicular manslaughter while intoxicated.

## DISPOSITION

The judgment is affirmed.


                                                            GUERRA, J.

WE CONCUR:


HILL, P. J.


MEEHAN, J.